UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


**STEPHANIE KRAEMER**                                            **CIVIL ACTION**

**VERSUS**                                                       **NO. 04-2306**

**STEWART & STEVENSON SERVICES, INC.**                           **SECTION "K" (1)**


ORDER AND REASONS

Before the Court is defendant Stewart and Stevenson Services, Inc.'s Motion for Summary Judgment (Rec. Doc. No. 27). After review of the pleadings and memoranda, the Court **GRANTS** the Motion for the following reasons.

**Background**

Defendant Stewart & Stevenson Services, Inc. ("S&S") is in the business of selling and repairing engines and motor products. In February of 2001 plaintiff was hired as a sales representative, employee code 710 ("equipment sales"), by Jeff Hummel, product manager at S&S for the Thermo King product line. Throughout her employment plaintiff was stationed in the Hammond, Louisiana office of S&S and handled sales, service, and parts for the Thermo King product line. S&S sold other product lines, but plaintiff was responsible only for Thermo King, and her sales area included Slidell, Baton Rouge, Lafayette, and Lake Charles, Louisiana. Despite

having no previous sales experience, by all accounts plaintiff did well as a salesperson, receiving a base salary plus commission on her sales. Eventually Jeff Hummel was replaced as product manager of plaintiff's product line by Edward Philippe. Philippe had worked for S&S from 1992 through 2001 in the Electric Motor Division ("EMD"), a specialized area in which plaintiff had no experience. Philippe, like Hummel previously, handled mainly administrative matters, but he also handled sales of Thermo King for the New Orleans area. His employee code was 810, an "administrative" code. During plaintiff's employment a one-time dispute over a performance evaluation given plaintiff by Philippe arose, and as a result, plaintiff's merit pay was affected. Plaintiff complained to Herschel Henderson, Philippe's supervisor, and the issue was resolved. Plaintiff alleges in her complaint that had she not been female, such an incident would not have occurred; furthermore other actions by Philippe, such as questioning of her expense reports and mileage claimed, also caused plaintiff discomfort.

In September of 2003 Thermo King's manufacturer withdrew its product line from sale by S&S. As a result S&S decided to close its Hammond location, at which time plaintiff alleges all male employees at that location were offered employment counseling and the opportunity to remain employed with S&S, albeit at other locations. Plaintiff's supervisor, Ed Philippe, who had a longer employment history with S&S and experience in the EMD product line, was transferred back into a position dealing with that line. It is undisputed that EMD parts and sales was a specialized area in which plaintiff had no experience and for which she was unqualified. Further discover revealed that the other male employees at plaintiff's Hammond location were technicians who, apparently due to a scarcity of certified technical employees, were retained by S&S and sent to fill other service positions at other locations. Plaintiff alleges that none of the female employees, herself included,

received the same counseling or opportunities, and in fact, all were involuntarily terminated.

Plaintiff subsequently filed a charge of employment discrimination with the Equal Opportunity Employment Commission ("EEOC"). Plaintiff was issued a right to sue letter on May 14, 2004 and brought suit alleging claims for discrimination under Title VII and corresponding state law. Plaintiff argues that once her Thermo King position became obsolete she should have been offered two alternative sales positions with S&S, namely selling the Ferrara Fire apparatus line or representing the EMD line, and that she was discriminated against as a result of her gender. Defendant S&S filed the instant Motion for Summary Judgment on May 24, 2006, alleging that plaintiff's gender discrimination claims are without merit because plaintiff was released from S&S pursuant to a legitimate reduction-in-force action by S&S when it lost the Thermo King product line and not for any other untoward motive. Furthermore, all of the other actions offered by plaintiff in support of her claims were taken by S&S for legitimate, non-discriminatory, business-related reasons. Specifically, S&S argues that Ed Philippe was retained due to his experience with the remaining EMD line, and the male technicians were retained because of the scarcity of technical employees companywide.

**Legal Standard**

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Substantive law determines the

materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets this burden, the burden shifts to the non-movant "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. "[M]ere allegations or denials" will not defeat a well-supported motion for summary judgment. Fed. R. Civ. P. 56(e). Rather, the non-movant must come forward with "specific facts" that establish an issue for trial. *Id.*

When deciding a motion for summary judgment, the Court must avoid a "trial on the affidavits." *Anderson*, 477 U.S. at 255. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts" are tasks for the trier-of-fact. *Id.* To that end, the Court must resolve disputes over material facts in the non-movant's favor. "The party opposing a motion for summary judgment, with evidence competent under Rule 56, is to be believed." *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291, 294 (5th Cir. 1987).

To maintain a cause of action for gender discrimination under Title VII, a plaintiff must show (1) membership in a protected class; (2) that they were qualified for a position; (3) that they were subjected to an adverse employment action; and (4) that they were replaced by someone outside of the protected class or were otherwise discharged due to their gender. *See Russell v. McKinley Hospital Venture*, 235 F.3d 219, 223-24 (5th Cir. 2001). All four elements must be met.

**Analysis**

The Court can find no evidence to support plaintiff's contention that her position was eliminated as a result of her gender. The Court finds that plaintiff's position was eliminated for a legitimate, non-discriminatory reason; specifically, that her position as the sole full-time sales rep for S&S of the Thermo King product line was, by its very nature, rendered obsolete when S&S was no longer able to sell the Thermo King product. It is well established that a reduction in force, without more, is a legitimate, non-discriminatory reason for discharge that alone is insufficient to support a claim under Title VII. *See EEOC v. Texas Instruments, Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996), and plaintiff concedes that she was not fired until her product line was pulled from S&S. See Pltf's Opp. Mem., p.7.

Additionally, plaintiff fails to sufficiently allege that she was replaced by someone *similarly situated* but outside of the protected class, as plaintiff can point to no fellow male employee who was offered a position for which plaintiff was similarly qualified. Specifically, specialized technicians (who were male) were offered other technician jobs, jobs for which plaintiff admittedly was unqualified. The other available jobs suggested by plaintiff, namely selling the Ferrara Fire Apparatus line and/or the EMD line, were either held by another female put in place prior to plaintiff's firing or filled by a highly experienced, long-term employee, who unlike plaintiff, was intimately familiar with the specialized nature of the EMD product and highly qualified to sell it. Under these facts the Court simply cannot find that gender played any role in plaintiff's termination. Plaintiff's subjective *belief* that she has been discriminated against is insufficient to support a claim for discrimination under Title VII. *See Jones v. Robinson Property Group, L.P.*, 427 F.3d 987 (5th Cir. 2005); *Bauer v. Albemarle Corp.*, 169 F.3d 962, 967 (5th Cir. 1999).

Finally, plaintiff's conclusory argument that "the fact that plaintiff's sales numbers were higher than Mr. Philippe's is evidence of pretext" carries no weight. See Pltf's Opp. Mem., p. 4. The evidence produced shows that Philippe was a product manager, with hardly any sales responsibility, versus plaintiff's full-time sales position. Given plaintiff's full-time emphasis on sales and successful employment record, the Court finds it reasonable that her sales numbers would be significantly higher than that of any *manager*–male or female–as a manager is responsible for mainly administrative tasks and would not be competing for sales with plaintiff. Consequently, the fact that plaintiff's sales numbers were higher than Philippe's cannot support her contention that any new job should have been given to her over Philippe, or that S&S's failure to do so was evidence of gender discrimination.

In sum, the Court finds that S&S's loss of the Thermo King product line and its resulting decision to close the Hammond facility and terminate plaintiff's employment constitutes a legitimate, non-discriminatory reason for discharge. Plaintiff has failed to produce any evidence that S&S's actions in this regard were false or otherwise a pretext for discrimination and as such, summary judgment is appropriate.

Accordingly,

**IT IS ORDERED** that defendant Stewart and Stevenson Services, Inc.'s Motion for Summary Judgment (Rec. Doc. No. 27) is hereby **GRANTED.**

New Orleans, Louisiana, the  6th  day of July, 2006.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**